NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDRES DOMINGUEZ, | No. 22-15454 |
| Plaintiff-Appellee, | D.C. No. 2:21-cv-00089-SRB-MTM |
| v. | |
| CITY OF SCOTTSDALE, a municipality; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted March 7, 2023
Las Vegas, Nevada

Before: CLIFTON, BENNETT, and DESAI, Circuit Judges.

City of Scottsdale police officers Daniel Koller and Nikolas McElley ("Officers") appeal the district court's denial of summary judgment on their qualified immunity defense to Andres Dominguez's 42 U.S.C. § 1983 excessive force claim. The City of Scottsdale appeals the district court's denial of summary judgment on Dominguez's state law negligent supervision and training claim against

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the City. We affirm in part and dismiss in part.

1. We have jurisdiction over the Officers' interlocutory appeal under 28 U.S.C. § 1291 and the collateral order doctrine. *Andrews v. City of Henderson*, 35 F.4th 710, 715 (9th Cir. 2022). Our jurisdiction "is limited to legal issues, not factual disputes." *Id.* (citation omitted). "Where disputed facts exist, we assume that the version of the material facts asserted by . . . the non-moving party[] is correct." *KRL v. Est. of Moore*, 512 F.3d 1184, 1189 (9th Cir. 2008). We can decide only whether, viewing the evidence and facts in the light most favorable to Dominguez, the non-moving plaintiff, the Officers (1) violated a Fourth Amendment right that (2) was clearly established at the time of the violation. *Andrews*, 35 F.4th at 715. To decide those questions, we exercise *de novo* review. *Id.*

The facts, when construed in Dominguez's favor, show that the Officers violated Dominguez's Fourth Amendment rights. An officer's use of force is constitutional only if the government interests at stake justify "the nature and quality of the intrusion on the individual's Fourth Amendment interests." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (quotations and citation omitted). Whether the government interests justify the use of force depends on many factors, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest . . . ." *Id*. "[T]he most important [factor] is

whether the individual posed an immediate threat to officer or public safety." *Young v. Cty. of Los Angeles*, 655 F.3d 1156, 1163 (9th Cir. 2011) (citation omitted).

Construing the facts in Dominguez's favor, the government interests here did not justify the amount of force the Officers used.

First, Dominguez's low-level traffic offense did not warrant the significant force used by the Officers. Although it is undisputed that Dominguez made a right turn and, later, a U-turn while Officer Koller was following him, and that he crossed lanes multiple times, traffic violations rarely justify use of force. *See id*. at 1164 ("Young's failure to wear a seatbelt was a run-of-the-mill traffic violation that clearly provided little, if any, support for the use of force upon him.") (citing *Bryan v. MacPherson*, 630 F.3d 805, 828 (9th Cir. 2010) (holding that "[t]raffic violations generally will not support the use of a significant level of force")). The record also shows that Dominguez told the Officers he did not "have time for this," and said to them "You better lose your attitude, okay?" However, even when certain conduct may be a chargeable offense, "it militates against finding the force used to effect an arrest reasonable where the suspect was also nonviolent and posed no threat to the safety of the officers or others." *Bryan*, 630 F.3d at 828–29 (quotations and citation omitted); *see also Young*, 655 F.3d at 1164–65.

Second, looking at the facts in the light most favorable to Dominguez, it was not objectively reasonable for the Officers to believe that Dominguez posed an

immediate threat to them or to public safety. Dominguez immediately stopped his car, provided his documents when asked, and answered Officer Koller's questions. During that exchange, Officer McElley shone a flashlight into Dominguez's car, illuminating the inside of the car for the Officers to see. When Officer Koller asked Dominguez if there were any knives or guns in the car, Dominguez answered clearly that there were not.

The Officers argue that, from their perspective, Dominguez reached into the passenger seat in a threatening manner immediately preceding the first application of force. However, "[a] simple statement by an officer that he fears for his safety or the safety of others is not enough; there must be objective factors to justify such a concern." *Bryan*, 630 F.3d at 826 (quoting *Deorle v. Rutherford*, 272 F.3d 1272, 1281 (9th Cir. 2001)). And construing the facts in the light most favorable to Dominguez, as we must, the body camera video footage presents at least a genuine issue for a trier of fact regarding how threatening his reach was. Moreover, even if the Officers perceived Dominguez's movements inside the car as threatening, the Officers do not point to evidence that supports the claim that Dominguez posed an objectively reasonable threat once he was outside the car—at which point a jury could find from the video that Officer Koller used excessive force when he body-slammed Dominguez into the ground head-first and continued applying force to his legs.

Finally, Dominguez was not actively resisting or evading arrest when Officer Koller began to use force.[1] Dominguez largely complied with the Officers' orders, and he did not resist or fight them while he was in the car or on the ground. This would be true even if Dominguez had failed to comply with the Officers' orders or delayed exiting the car. *See, e.g.*, *Nelson v. City of Davis*, 685 F.3d 867, 882 (9th Cir. 2012) ("[A]ctive resistance is not to be found simply because of a failure to comply with the full extent of an officer's orders."); *see also Bryan*, 630 F.3d at 829–30 ("[F]ail[ure] to comply with the command to remain in his vehicle . . . does not constitute 'active resistance.'").

Thus, balancing the government interests against "the nature and quality of the intrusion," a jury could conclude that the Officers' force was not justified.

Dominguez's constitutional right against this use of force was also clearly established. Relevant case law made clear at the time of the Officers' conduct that using substantial force against an individual not engaged in active resistance violates the Fourth Amendment. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1093 (9th Cir. 2013) ("The right to be free from the application of non-trivial force for engaging in mere passive resistance was clearly established prior to 2008."); *Nelson*, 685 F.3d at

---

[1] A reasonable jury might conclude from the video that there was nothing Dominguez *could* have done to comply with Officer Koller's orders to exit the vehicle because Officer Koller was blocking the way by standing in the driver-side doorway.

886 (holding that "a reasonable officer would have known" prior to 2004 that using substantial force against "non-threatening individuals who had committed at most minor misdemeanors" violated the Fourth Amendment); *Young*, 655 F.3d at 1168 (holding that the use of significant force against a passive driver violated a clearly established right); *Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir. 2003) (holding that it was clearly established that grabbing a passive individual by the arm, throwing them on the ground, twisting their arms, and handcuffing them violated the Fourth Amendment); *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007) (holding that the law clearly established that officers used excessive force by punching a passive individual several times, kneeing them, using hobble restraints, and pressing their face to the ground).

We thus affirm the district court's denial of summary judgment on the Officers' qualified immunity defense.

2. We lack jurisdiction over the City's interlocutory appeal of the district court's denial of summary judgment on Dominguez's state law negligent supervision and training claim. The City asks the court to exercise pendent appellate jurisdiction to review this otherwise non-appealable ruling. This court exercises pendent appellate jurisdiction only if the issues are "(a) [] so intertwined that the Court must decide the pendent issue in order to review the claims properly raised on interlocutory appeal, or (b) resolution of the issue properly raised on interlocutory

6                                                                                          22-15454

appeal necessarily resolves the pendent issue." *Andrews*, 35 F.4th at 720 (alterations omitted) (quoting *Hernandez v. City of San Jose*, 897 F.3d 1125, 1139–40 (9th Cir. 2018)). "We interpret this standard 'narrowly' and apply it only in 'extremely limited' circumstances." *Id.* (quoting *Hernandez*, 897 F.3d at 1139). Because Dominguez's negligent supervision and training claim stand independently against the City regardless of the Officers' § 1983 liability, we lack jurisdiction over the City's appeal.

**AFFIRMED IN PART AND DISMISSED IN PART.** Defendants shall bear the costs on appeal.